UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60423-CIV-COHN/SELTZER

UNITED STATES OF AMERICA,

     Plaintiff,

v.

FOTIOS GKANIOS, a/k/a
Frank Gkanios,

     Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Fotios Gkanios's Motion to Dismiss [DE 17, 18].[1]  The Court has carefully reviewed the motion and related filings and is otherwise fully advised in the premises.

The Government has filed this action seeking to revoke the order admitting Gkanios to United States citizenship and to cancel his certificate of naturalization. See 8 U.S.C. § 1451(a) (authorizing proceedings to revoke naturalized citizenship procured illegally or by misrepresentation or concealment of material fact).  In its Complaint, the Government alleges that Gkanios failed to disclose in his naturalization application that he had repeatedly raped his underage step-daughter, crimes for which he was later convicted and sentenced to imprisonment.  See DE 1.

---

[1] Although Gkanios is now represented by counsel, he filed his Motion to Dismiss *pro se* in a combined document with his Answer.

Gkanios moves to dismiss the Complaint for "failure to attach documents referenced in the Complaint which are material [and] appear to form the basis of Plaintiff[']s allegations."  DE 17 at 1.  But other than the supporting affidavit required by 8 U.S.C. § 1451(a), the Government is not obliged to attach the documents relied on in its Complaint.  Rather, the Complaint need only provide "a short and plain statement of the claim showing that the [Government] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To the extent that Gkanios lacks knowledge of certain documents referenced in the Complaint, he can indicate that lack of knowledge in his answer (indeed, he has done so).  See Fed. R. Civ. P. 8(b)(5).  Further, Gkanios may request production of these or any other relevant documents in discovery.  See Fed. R. Civ. P. 34.

In addition, Gkanios moves to strike the Affidavit of Good Cause attached to the Complaint, see DE 1-3, because it references certain judicial records in Gkanios's criminal cases but "fails to state what records were reviewed."  DE 17 at 1.  Having carefully read the affidavit, the Court finds nothing improper about it.  The affidavit is based on the affiant's personal review of Gkanios's immigration file, apparently including documents from his criminal cases, which the affiant describes in detail.  And again, if Gkanios wishes to learn what specific documents the affiant relied on, he may seek that information in discovery.

For the reasons discussed herein, Gkanios has offered no valid basis for dismissing the Complaint or striking the Affidavit of Good Cause.[2]  Accordingly, it is

---

[2]  The Government reads Gkanios's motion as asserting another ground for dismissal, namely, unreasonable delay by the Government in bringing this action more than 20 years after Gkanios's alleged criminal conduct.  The Court, however, construes this language as an affirmative defense pleaded by Gkanios as part of his Answer. While the Court acknowledges the Government's arguments concerning this defense,

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 17, 18] is hereby

**DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 13th day of July, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record and
*pro se* parties via CM/ECF

---

the Court need not decide the validity of the defense at this time.