UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60423-CIV-COHN/SELTZER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FOTIOS GKANIOS, a/k/a Frank Gkanios,

    Defendant.
_____/

## ORDER ENFORCING JUDGMENT AND DENYING STAY PENDING APPEAL

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Enforce Judgment [DE 74] ("Enforcement Motion") and Defendant's Motion to Stay Enforcement of Judgment [DE 76] ("Stay Motion"). The Court has carefully reviewed these motions, all related filings, and the record in this case, and the Court is otherwise fully advised in the premises.

**I.**    **Background**

On March 7, 2012, the United States filed this action seeking to revoke the order admitting Defendant Fotios Gkanios, a/k/a Frank Gkanios, to citizenship and to cancel his certificate of naturalization. See DE 1; 8 U.S.C. § 1451(a) (authorizing proceedings to revoke naturalized citizenship that was procured illegally or by concealment of material fact or willful misrepresentation). On November 29, 2012, the Court denied Gkanios's Motion to Dismiss based on the Government's delay in bringing this action. See DE 69 at 6-8. In the same Order, the Court granted the Government's Motion for Summary Judgment. See id. at 10-13. Based on Gkanios's convictions for raping and sodomizing his underage stepdaughter, the Court concluded that "Gkanios illegally

procured his citizenship because he lacked the good moral character required to naturalize, having committed unlawful acts that adversely reflected on his moral character" during the relevant statutory period.  Id. at 11-12.

That same day, the Court entered a Final Judgment in favor of the United States and against Gkanios.  See DE 70.  As relevant here, the Judgment provided as follows:

> 2. Defendant Gkanios's naturalization is revoked, and his Certificate of Naturalization No. 12430129, dated June 2, 1989, is cancelled;
>
> 3  From the date of this Judgment, Defendant Gkanios is forever restrained and enjoined from claiming any rights, privileges, or advantages under any document that evidences United States citizenship;
>
> 4. Within ten days of the date of this Judgment, Defendant Gkanios shall surrender and deliver his Certificate of Naturalization and any other indicia of United States citizenship (including any United States passport or voter registration card issued to Defendant), as well as any copies thereof in his possession, and make good faith efforts to recover and then surrender any copies thereof that he knows are in the possession of others, to the Attorney General or his representative[.]

Id. at 1-2.

Although Gkanios subsequently filed a Notice of Appeal, see DE 71, he did not surrender his Certificate of Naturalization and other citizenship documents within ten days of the Court's Judgment (i.e., by December 9, 2012) or at any time thereafter.  Thus, on January 7, 2013, the United States filed its present Enforcement Motion.  See DE 74.  On January 25, 2013, Gkanios filed his Stay Motion.  See DE 76.  Both motions are fully briefed and ripe for decision.

**II.  Discussion**

In its Enforcement Motion, the United States asks the Court to order Gkanios to "immediately surrender his cancelled U.S. citizenship documents to the Government."

DE 74 at 2.  The United States further suggests that the Court "hold Gkanios in contempt for his noncompliance with the Judgment."  Id.  In response to the Enforcement Motion, Gkanios notes that he has moved to stay enforcement of the Judgment.  See DE 75 at 1.  More, Gkanios states that he is "willing to adhere to any request by the Court, or on agreement of the parties to either relinquish the U.S. citizenship documents to the Clerk, or the Government so long as removal proceedings are not initiated prior to the Appeal being decided."  Id.  In its Reply, the United States correctly points out that the Judgment ordering Gkanios to surrender his citizenship documents was not conditioned on whether removal proceedings were brought against him during any appeal of the Judgment.  See DE 77 at 1.  The United States also properly notes that the decision whether to bring removal proceedings against Gkanios is within the Government's discretion and that Gkanios has cited no authority that would preclude such proceedings here.  See id. at 2.

Because Gkanios offers no valid reason to excuse his noncompliance with the Court's Judgment, the enforcement of the Judgment depends on the merits of Gkanios's Stay Motion, which the Court construes as a motion for a stay pending appeal.  In deciding whether to stay a judgment pending appeal, the Court must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

Here, the Court finds that all of these factors warrant denial of a stay.  Although Gkanios has filed a notice of appeal, he has made no showing that he is likely to prevail

on the merits or even that he has a substantial argument in support of reversal. Further, Gkanios seeks to stay the Judgment only "insofar as [it] requir[es] the surrender of Defendant's United States Citizenship Documentation." DE 76 at 1. Because the Judgment separately revoked Gkanios's naturalization and enjoined him from claiming any rights of citizenship, the surrender of Gkanios's citizenship documents would cause him no additional harm. By contrast, staying the Judgment would harm the Government by preventing it from enforcing federal immigration laws against a person who repeatedly raped and sodomized his minor stepdaughter shortly before he applied for citizenship. For this same reason, the public interest supports denying a stay in this case. The Court will therefore deny Gkanios's Stay Motion and grant the Government's Enforcement Motion.

### III.    Conclusion

For the reasons discussed, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Enforce Judgment [DE 74] is **GRANTED**;

2. Defendant's Motion to Stay Enforcement of Judgment [DE 76] is **DENIED**;

3. **By no later than noon on Friday, March 1, 2013,** Defendant Fotios Gkanios shall surrender and deliver his Certificate of Naturalization and any other indicia of United States citizenship (including any United States passport or voter registration card issued to Defendant), as well as any copies thereof in his possession, and make good faith efforts to recover and then surrender any copies thereof that he knows are in the possession of others, to the Attorney General or his representative; and

4. Although the Court declines to hold Defendant Gkanios in contempt at this time, if Gkanios fails to meet the deadline specified in paragraph 3 above, the Court

will consider any renewed motion by the United States for a finding of contempt.[1]

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of February, 2013.

_/s/ James I. Cohn_
JAMES I. COHN
United States District Judge

Copies to:

Counsel of record and
*pro se* parties via CM/ECF

---

[1] The Court recognizes that Gkanios may seek a stay of the Judgment from the Eleventh Circuit.  See Fed. R. App. P. 8; 11th Cir. R. 8-1.  Absent a stay from that Court, however, Gkanios must comply with this Order.